UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ITPE HEALTH AND WELFARE FUND and ITPE PENSION FUND,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>D.E.W. MANAGEMENT SERVICES, INC., a Georgia Corporation,<br><br>　　　　　　　　Defendant. | C11-1641Z<br><br>ORDER |

THIS MATTER comes before the Court on plaintiffs' motion for default judgment, docket no. 11. Having reviewed all papers filed in support of plaintiffs' motion, the Court GRANTS the motion IN PART as follows:

(1)　Default judgment is awarded in favor of plaintiff ITPE Pension Fund and against defendant D.E.W. Management Services, Inc.[1] in the amounts of $2,701.93 in unpaid contributions, $3,164.61 in pre-judgment interest,[2] $11,199.26 in audit fees, and $175 in

---

[1] The Court is satisfied that it has jurisdiction over the subject matter and the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (indicating that, when ruling on a motion for default judgment, the district court "has an affirmative duty to look into its jurisdiction"). In this case, plaintiffs have alleged that their claims arise under both the Employee Retirement Income Security Act of 1974 and the Labor-Management Relations Act, and that, although defendant is a Georgia corporation, it is headquartered in the State of Washington. Complaint at ¶¶ 1 & 4 (docket no. 1).

[2] In his declaration, docket no. 11-2, Plan Administrator Enzo Lavecchia represents that the amount of pre-judgment interest due is $37,267.29; however, the exhibit to which he cites for support,

ORDER - 1

costs, representing one-half of the filing fee, for a total award of $17,240.80, together with post-judgment interest at the rate of eighteen-hundredths of one percent (0.18%) per annum from the date of judgment until paid in full; and

      (2)    Default judgment is awarded in favor of plaintiff ITPE Health & Welfare Fund and against defendant D.E.W. Management Services, Inc. in the amounts of $10,200.40 in unpaid contributions, $48,721.60 in pre-judgment interest,[3] $10,703.46 in audit fees, and $175 in costs, representing one-half of the filing fee, for a total award of $69,800.46, together with post-judgment interest at the rate of eighteen-hundredths of one percent (0.18%) per annum from the date of judgment until paid in full.

Plaintiffs' motion for default judgment, docket no. 11, is DENIED in all other respects. With regard to contributions for February 2012, plaintiff ITPE Health & Welfare Fund acknowledges that it does not have sufficient data on which to base its request for default judgment. *See* Heery Decl. at ¶ 11 ("[t]he number of hours worked is not known"). As to plaintiffs' assertion that they have incurred $7,000.00 in attorney fees and costs, plaintiffs have provided no documentation, *see* Metz Decl. (docket no. 11-13), and the Court cannot assess whether the amount requested is "reasonable" within the meaning of the agreements at issue between the Industrial, Technical and Professional Employees Union and defendant. ITPE Pension Fund Agreement § 7.02(d)(d), Ex. 5 to Lavecchia Decl. (docket no. 11-7 at 22); ITPE Health & Welfare Fund Agreement § 7.02(d)(4), Ex. 5 to Heery Decl. (docket no. 11-12 at 16). Plaintiffs have submitted no billing records, have not indicated the

---

docket no. 11-7, indicates that the amount of pre-judgment interest owed to plaintiff ITPE Pension Fund is actually only $3,164.61.

[3] In her declaration, docket no. 11-8, Plan Administrator Kathy Heery represents that the amount of pre-judgment interest due is $48,721.60. Although the exhibit to which she cites, docket no. 11-12 at 23-24, reflects this same amount, the manner in which the figure was calculated is not obvious from the face of the exhibit. Based on the explanations in Ms. Heery's declaration, however, the Court infers that the amounts listed in the exhibit constitute one and one-half percent (1.5%) of the monthly contributions owed, multiplied by the number of months by which each of the various payments were delinquent.

ORDER - 2

1 tasks their attorneys performed, the number of hours their attorneys spent on this matter, or
2 the rates their attorneys charged, have supplied no information concerning whether the
3 attorney fees at issue are commensurate with the prevailing figures for similar work in the
4 local legal community, and have not even described the nature or amount of any costs
5 incurred.  Based on this record, the Court cannot award any attorney fees or costs, other than
6 the filing fee plaintiffs were required to pay to commence this litigation.  *See* <u>Hensley v.</u>
7 <u>Eckerhart</u>, 461 U.S. 424, 437 (1983) ("the fee applicant bears the burden of establishing
8 entitlement to an award and documenting the appropriate hours expended and hourly rates");
9 *id.* at 437 n.12 ("at least counsel should identify the general subject matter of his time
10 expenditures").

11       The Clerk is DIRECTED to enter default judgment consistent with this Order and to
12 send a copy of this Order to all counsel of record.

13       IT IS SO ORDERED.

14       DATED this 27th day of April, 2012.

                                                        Thomas S. Zilly
                                                        United States District Judge

ORDER - 3